UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 06-285-JBC**

**WILMA GABBARD,**                                                                  **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Wilma Gabbard, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion for summary judgment (DE 7) and deny the Commissioner's motion for summary judgment (DE 8).

**I.   Background**

On February 27, 2004, the plaintiff filed the application for benefits from which this appeal arises.[1] The plaintiff alleges that she became disabled on October 15, 2000, due to chest pains, nausea, stomach pain, trouble breathing,

---

[1] The plaintiff has filed three prior applications for benefits, all of which were unsuccessful. The plaintiff's first application for benefits was filed on June 1, 1994, and denied on April 19, 1996, a denial upheld by the Appeals Council. The plaintiff's second application for benefits was both filed and initially denied on August 28, 2000, after which the plaintiff did not further pursue the application. The plaintiff's third prior application for benefits was filed on May 3, 2002, and denied on August 14, 2003. (R. at 30.)

sleep apnea, headaches, arthritis, back pain, and nervousness.  In addition, the plaintiff claims that she suffered a series of strokes in April 2005,[2] with lingering after-effects such as weakness, difficulty concentrating, remembering, sitting, and standing, and numbness in her left hand, legs, and ankle, all of which require her to use a cane.  *E.g.*, DE 7-2 at 3-4.  A formal hearing on the plaintiff's application was held before an administrative law judge ("ALJ") on November 8, 2005, in Hazard, Kentucky.  The ALJ denied the plaintiff's application, a decision which was upheld by the Appeals Council, and the plaintiff then filed this application for judicial review.

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *Id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even if the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is

---

[2] According to the medical record, the plaintiff was diagnosed with at least one transient ischemic attack on or about April 25, 2005, involving slurred speech, blurred vision, weakness, numbness in her face, left arm, and left leg, and "drawing" on the left side of her face, for which she was treated at the Kentucky River Medical Center in Jackson, Kentucky, and at Central Baptist Hospital in Lexington, Kentucky.  *E.g.*, R. at 200-03.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

In determining disability, the ALJ conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform her past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform her past relevant work, whether significant numbers of other jobs exist in the national economy which she can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.     The ALJ's Determination

Because the plaintiff's "three prior applications for Titles II and XVI benefits were all denied," with the latest denial including a finding that the plaintiff was "capable of a full range of light work[,]" *see* R. at 15, the ALJ chose to apply *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). According to the ALJ, *Drummond* requires adjudicators to "adopt a finding required at a step in the sequential evaluation process and made by an [ALJ] or the Appeals Council in a final decision on a prior claim, unless there is new and material

evidence relating to such a finding or there has been a change in the law." (R. at 15.) Because the ALJ found that the plaintiff had not provided new and material evidence indicating that her condition had changed since her previous applications, the ALJ concluded that "[i]t appears that *Drummond* does apply herein." *Id.*

Therefore, at Step 1, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (R. at 16.) At Step 2, although the ALJ stated that "[a] strong argument might be made for a Step 2 denial[,]" the ALJ gave "the claimant the benefit of the doubt" and found that her impairments should be considered "severe" based on the standards set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c). *Id.* at 16-17. At Step 3, the ALJ found that the plaintiff lacks the "medically determinable impairments substantiated by the appropriate tests and laboratory findings such as to support a finding of disability. *Id.* at 17. At Step 4, the ALJ found that the plaintiff has no past relevant work. *Id.* Finally, at Step 5, the ALJ found that the plaintiff is capable of performing "a full range of light work, as defined at 20 CFR 416.967 as lifting no more than 20 pounds occasionally, 10 pounds frequently; and walking/standing up to six hours total in an eight-hour workday." *Id.* Because there are "[a]pproximately 1,000 separate sedentary and light unskilled occupations . . . in the national economy[,]" the ALJ concluded that the plaintiff "is not under a 'disability,' and is not entitled to benefits under the current application." *Id.*

**III.    Analysis**

4

The ALJ's conclusion rested upon a misapplication of *Drummond*. In *Drummond*, the Sixth Circuit held that "a subsequent ALJ is bound by the findings of a previous ALJ . . . absent new and additional evidence." 126 F.3d 837, 842 (6th Cir. 1997); *see also Haun v. Comm'r Soc. Sec. Admin.*, 107 F. App'x 462, 464 (discussing *Drummond* and the Commissioner's subsequent Acquiescence Ruling 98-4(6), which interpreted *Drummond*). The instant ALJ's application of *Drummond* was inappropriate, however, because the plaintiff did present new and additional evidence to the ALJ along with this most recent application: namely, the evidence of her transient ischemic attacks, which occurred over a year-and-a-half after her third application was denied. The ALJ noted the existence of these "'probable' transient ischemic attacks[,]" but based on his application of *Drummond* and the resulting weight he gave to the previous findings of other ALJs, he did not consider them at any length. (R. at 17.) This was error: the plaintiff's medical record clearly indicates that she was diagnosed with at least one transient ischemic attack in April 2005, during which she was observed with slurred speech, weakness in her face and lips, and "a slight facial droop." *See, e.g.*, *id.* at 200, 203, 204. Thus, the existence of these attacks is well-documented in the record, and they represent new and additional evidence beyond the evidence presented in the plaintiff's previous applications.

The ALJ also mischaracterized the evidence in the record by describing the plaintiff's transient ischemic attacks as merely "'probable'" and by referring to the

5

alleged confusion of Dr. Brooks, one of the plaintiff's treating physicians, who, according to the ALJ, "only expresse[d] his puzzlement" at the plaintiff's condition. (R. at 17.)  This is not an accurate representation of either the record in general or of Dr. Brooks's specific opinion about the plaintiff's condition.  For example, in the letter to which the ALJ referred, Dr. Brooks did admit that he was "at a loss to explain the symptomatology . . . which she [the plaintiff] presents[,]" but so far from expressing skepticism about the reality or gravity of the plaintiff's medical problems, Dr. Brooks also stated that he had made the plaintiff an appointment to see another professional in order to "provide and shed some light *on this difficult problem*." *Id.* at 282 (emphasis added).  More generally, as stated above, the simple existence of at least one transient ischemic attack is supported by uncontradicted medical evidence in the record; thus, it was error for the ALJ to describe them, without substantiation, as merely "'probable.'"  Therefore, the court finds that the ALJ's decision was not supported by substantial evidence.

Having found that the ALJ applied the wrong legal standard in arriving at a decision unsupported by substantial evidence, the court must consider what action the Commissioner should pursue on remand of this case.  If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d

171, 176 (6th Cir. 1994).  In contrast, when the adjudicator "misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits"; rather, the court should remand the case "under sentence four of 42 U.S.C. § 405(g) for further consideration."  *Id.* at 175-176.

The court has concluded that the ALJ's evaluations were based on the wrong legal standard, and therefore, that they were not supported by substantial evidence.  But the court does not find that all factual issues have been resolved, nor does the court find that the record clearly and adequately demonstrates the plaintiff's entitlement to benefits.  Therefore, the court will remand this action to the Commissioner for further consideration in accordance with this opinion.  Specifically, the Commissioner must reconsider the plaintiff's most recent application in light of the full record, including her transient ischemic attacks.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 7) Is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 8) is **DENIED**.

**IT IS FURTHER ORDERED**, pursuant to sentence four of 42 U.S.C. § 405(g), that this matter is hereby **REMANDED** to the Commissioner for further proceedings in accordance with this opinion.

Signed on May 3, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY